UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN L. BOOT,

           Petitioner,

  v.

JAMES KEY,

           Respondent.

CASE NO. 2:20-cv-00943-RSM-BAT

**ORDER DENYING MOTION TO APPOINT COUNSEL**

Petitioner has filed a motion for appointment of counsel, that also contains objections to respondent's response to his habeas petition. Dkt. 10. Having reviewed Petitioner's motion and the record, the Court **DENYS** the motion.

There is no right to have counsel appointed in cases brought in a federal habeas action unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).

The Court also may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must

ORDER DENYING MOTION TO APPOINT
COUNSEL - 1

evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

Petitioner requests appointment of pro bono counsel because he is in prison, has limited access to the law library, the prison law librarian will not perform research for petitioner, and the legal issues raised by respondent are complex and beyond petitioner's ability to research and respond to. These are impediments virtually all prisoners face; the court thus concludes petitioner's conditions of confinement are not such that "the interests of Justice" require appointment of counsel. Moreover, the Court notes plaintiff filed a serviceable petition and the instant motion, which clearly grasps respondent's contention he filed a mixed petition containing unexhausted claims. Petitioner argues otherwise and contends the actions the state courts have taken establishes each of the claims that he raised in his habeas petition is fully exhausted. Petitioner has clearly shown the ability to litigate his own case.

The Court has not yet found an evidentiary hearing will be required in this case, nor does it appear one is needed at this time. *See* Rule Governing Section 2254 Cases in the United States District Courts 8(c). The Court accordingly concludes that the motion for appointment of counsel in this case should be denied without prejudice.

The Court notes petitioner's motion for appointment of counsel also contains objections to the response that respondent filed.  Respondent is of course entitled to respond to the habeas petition filed in this case. The Court thus construes petitioner's objection as his reply to respondent's response filed August 21, 2020 (Dkt. 7) and argument that contrary to respondent's claim, the grounds for relief in the habeas petition are fully exhausted.

For the foregoing reasons, the Court therefore **ORDERS:**

ORDER DENYING MOTION TO APPOINT
COUNSEL - 2

(1) Petitioner's motion for the appointment of counsel (Dkt. 10) is **DENIED** without prejudice.

(2) If petitioner intends to file additional pleadings in opposition to respondent's response, he must do so no later than **October 12, 2020.** Any reply by respondent shall be filed by **October 19, 2020, and the clerk shall renote this matter for October 23, 2020 as ready for the Court's consideration.**

(3) The Clerk shall provide the parties with a copy of this Order.

DATED this 25th day of September, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT
COUNSEL - 3