UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN L. BOOT,<br><br>               Petitioner,<br><br>    v.<br><br>JAMES KEY,<br><br>               Respondent. | CASE NO. 2:20-cv-00943-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

*Pro se* petitioner Kevin L. Boot petitions for 28 U.S.C. § 2254 habeas relief from a 2017 Indeterminate Sentence Review Board ("ISRB" or "Board") decision finding him not parolable on his 1982 conviction and maximum life sentence for first-degree rape and second-degree robbery as a habitual offender. Dkt. 4; *see* Dkt. 1; Dkt. 9, at 2; Dkt. 9, at 4; Dkt. 9, at 8. He raises five grounds for habeas relief. Dkt. 4, at 16–17. The Court finds that Mr. Boot has not exhausted his state-court remedies for Grounds 1, 3, 4, and 5, and therefore recommends **DISMISSING** the mixed habeas petition without prejudice so that he may fully exhaust his claims in state court and return with a new petition containing only fully exhausted grounds for relief.

**BACKGROUND**

In 1982, Mr. Boot was sentenced to a maximum term of life in prison as a habitual offender, following convictions in 1974 for burglary, in 1977 for second-degree assault, and in

REPORT AND RECOMMENDATION - 1

1982 for first-degree rape and second-degree robbery. Dkt. 9, at 16. The ISRB has regularly extended Mr. Boot's minimum sentence. Dkt. 9, at 275. In 2017, the Board extended his minimum sentence by 90 months because Mr. Boot was a high-risk sexual offender who continues to deny his role in any sexual assault and remains an untreated sex offender. Dkt. 9, at 8–13; *see* Dkt. 9, at 275. In August 2019, the state court of appeals dismissed Mr. Boot's personal restraint petition ("PRP") challenging the 2017 ISRB decision. Dkt. 9, at 16–22. In January 2020, the state supreme court denied discretionary review of that PRP, and in June 2020, the state supreme court denied a motion to modify that ruling. Dkt. 9, at 275–76; Dkt. 9, at 292.

In mid-June 2020, Mr. Boot filed his current federal habeas petition challenging the ISRB's 2017 decision. Dkt. 4. He alleged five ground for habeas relief:

1. "Petitioner's constitutional rights [were] violated when the lower court changed the facts by pyramiding, and/or conclusive presumption that invades the evidence and fact finding functions of his petition, avoiding the board[']s constitutional violations";
2. "The parole board violate[d] his constitutional rights in demanding that he waive his [F]ifth [A]mendment right to not incriminate himself into civil commitment or not be paroled";
3. "The 14th Amend., Due Process Rights [were] violated by the Board when they used the MnSOST-R instrument tool for the August 14, 2017 hearing decision to deny petitioner's parole";
4. "Petitioner has a constitutional right to petition the court after the parole board has reset his minimum term"; and

REPORT AND RECOMMENDATION - 2

1        5. "Was Ex Post Facto Clause violated when the board used the risk Assessment Tools

2           to find Petitioner a high risk[] to reoffend, when the tools are not being used correctly

3           to deny parole."

Dkt. 4, at 16–17.

## DISCUSSION

Respondent argues that because Mr. Boot's petition contains both exhausted and unexhausted claims and is therefore mixed, the Court should either direct Mr. Boot to amend his petition to delete unexhausted Grounds 1, 3, 4, and 5, or permit Mr. Boot to request to stay and hold in abeyance the petition so that he may exhaust those grounds in state court before proceeding with his federal habeas action. Dkt. 10, at 14–15. Mr. Boot responds that he does not have a mixed petition because he exhausted all five grounds in the PRP proceedings. Dkt. 10, at 6; Dkt. 12, at 4.

The Court finds that Mr. Boot has presented a mixed habeas petition that contains the exhausted Ground 2 and the unexhausted Grounds 1, 3, 4, and 5. Since Mr. Boot has failed to demonstrate that he has exhausted Grounds 1, 3, 4, and 5, and has not evinced any desire to amend his petition or to request a stay, the Court recommends dismissing his mixed petition without prejudice. Mr. Boot may exhaust his claims in state court before returning to federal court with a new habeas petition containing only exhausted grounds for relief. There do not appear to be any time-bar restrictions on the state or federal level if he acts expeditiously.

1. **Exhaustion**

A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a petitioner must "fairly present" his

REPORT AND RECOMMENDATION - 3

1 claim in each appropriate state court, including the highest state court with powers of
2 discretionary review, thereby giving those courts the opportunity to act on his claim. *Baldwin v.*
3 *Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *see Casey v.*
4 *Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (noting that "to exhaust a habeas claim, a petitioner
5 must properly raise it on every level of direct review"). A petitioner fairly presents a federal
6 claim only if he alerts the state court that his claim rests on the federal Constitution. *Fields v.*
7 *Waddington*, 401 F.3d 1018, 1020–21 (9th Cir. 2005). In order to alert the state court, a
8 petitioner must refer to provisions of the federal Constitution or must cite either federal or state
9 case law that engages in a federal constitutional analysis. *Id.*

10 Respondent concedes, and the Court agrees, that Mr. Boot exhausted Ground 2 regarding
11 his Fifth Amendment right by raising it before the state court of appeals and the state supreme
12 court during the PRP proceedings challenging his 2017 denial of parole. Dkt. 7, at 14; *see* Dkt. 9,
13 at 29–34; Dkt. 9, at 242, 249–50. Respondent contends, however, that Mr. Boot did not exhaust
14 Grounds 1, 3, 4, and 5 because he did not fairly present these issues as federal constitutional
15 claims to the state courts.

16 Mr. Boot raised Ground 1 regarding "pyramiding" as a due process violation only in the
17 state supreme court. *See* Dkt. 9, at 242. Although Mr. Boot raised the factual basis for Ground 3
18 regarding the use of the MnSOST-R assessment tool both in the state court of appeals and the
19 state supreme court, he alleged it as a due-process violation only before the state supreme court.
20 *Compare* Dkt. 9, at 35–36 *with* Dkt. 9, at 242, 248. Mr. Boot did not raise Ground 4 regarding
21 his constitutional right to petition the court either in the state court of appeals or in the state
22 supreme court. Mr. Boot raised Ground 5 regarding ex post facto laws only in the state supreme
23 court. *See* Dkt. 9, at 242. Because Mr. Boot did not "fairly present" Grounds 1, 3, 4, and 5 in

each appropriate state court, the Court finds that those claims remain unexhausted. *See Duncan*, 513 U.S. at 365–66.

### 2. Options for Mixed Petitions

Mr. Boot has submitted a "mixed" petition because Ground 2 is exhausted while Claims 1, 3, 4, and 5 are unexhausted for federal habeas purposes. When faced with a mixed petition, a district court may generally exercise one of three options: **(1)** dismiss the mixed petition without prejudice to allow the petitioner to present his unexhausted claims to the state court and then return to federal court to file a new habeas petition containing all of the claims; **(2)** allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims; or **(3)** stay the mixed or properly amended petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 274-79 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003); *Calderon v. United States District Court ("Taylor")*, 134 F.3d 981, 986 (9th Cir. 1998). The Court recommends dismissing the mixed petition without prejudice so that Mr. Boot may present his unexhausted claims in state court and then return to federal court to file a new habeas petition containing all claims.

### 3. Dismissal Without Prejudice

The option that best preserves all of Mr. Boot's federal habeas claims is dismissal of the mixed petition without prejudice to returning later with a new, fully exhausted petition. Mr. Boot has not requested a stay and abeyance, does not concede that any of his claims are unexhausted, and has not sought to amend his petition. Furthermore, should the Court now consider only his exhausted Ground 2, Mr. Boot would face procedural obstacles should he choose to bring a second or successive habeas petition to challenge the 2017 ISRB decision. *See Burton v. Stewart*,

REPORT AND RECOMMENDATION - 5

549 U.S. 147, 154 (2007) (noting that habeas petitioners proceeding with only exhausted claims may risk subjecting later petitions that raise new claims to rigorous procedural obstacles); *Cooper v. Calderon,* 274 F.3d 1270, 1272-73 (9th Cir.2001) (per curiam) (noting that the relevant statutes greatly restrict the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications); 28 U.S.C. § 2244(b) (providing that a claim presented in a second or successive § 2254 habeas petition "shall" be dismissed unless certain substantive and procedural requirements are met).

Mr. Boot does not appear to be procedurally barred from exhausting Grounds 1, 3, 4, and 5 in state court because the Washington time-bar statute, RCW § 10.73.090, only applies to collateral attacks "on a judgment and sentence in a criminal case," not an ISRB decision. *See Shumway v. Payne*, 223 F.3d 982, 989 (9th Cir. 2000) (holding that RCW § 10.73.090 is "an adequate and independent state procedural rule that bars [petitioner's] claims from federal habeas review"). Moreover, the Ninth Circuit has not determined whether Washington's bar on subsequent petitions, RCW § 10.73.140, is a procedural bar for federal habeas purposes. *Shumway*, 223 F.3d at 988 n.22 ("Because we hold that § 10.73.090 is adequate to bar federal habeas review, we do not address the adequacy of § 10.73.140."); *cf. Powell v. Lambert*, 357 F.3d 871, 875–80 (9th Cir. 2004) (discussing *Shumway* and holding that Washington rule requiring dismissal of mixed state-court personal restraint petition containing time-barred claims subject to statutory exceptions permitting review, and time-barred claims not subject to statutory exceptions, was not adequate to serve as procedural bar to federal habeas review of petitioner's claims, since rule was not consistently applied in state courts). Mr. Boot also does not appear to be in imminent danger of running afoul of the one-year limitations on federal habeas petitions because he filed his current action shortly after the state supreme court denied a motion to

REPORT AND RECOMMENDATION - 6

1  modify in June 2020 and the federal time limitation should be tolled during the pendency of a
2  properly filed state collateral proceedings. *See* 28 U.S.C. § 2244(d)(1) (one year federal habeas
3  limitation); 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State
4  post-conviction or other collateral review with respect to the pertinent judgment or claim is
5  pending shall not be counted toward any period of limitation under this subsection."). Mr. Boot
6  should act expeditiously, however, and be cognizant that the one-year federal limitations period
7  would not be tolled were his subsequent personal restraint be considered not "properly filed." 28
8  U.S.C. § 2244(d)(2).

### 4. Evidentiary Hearing

"[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Such is the case here. Mr. Boot is not entitled to an evidentiary hearing because the record establishes that he has not yet exhausted Grounds 1, 3, 4, and 5 in state court and he is not time-barred from returning to state court to do so.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

REPORT AND RECOMMENDATION - 7

1       Under this standard, the Court finds that no reasonable jurist would disagree that Mr.
2  Boot's mixed petition should be dismissed without prejudice so that he may exhaust his claims in
3  state court and then return to federal court with a new petition containing all of his claims.
4  Petitioner should address whether a COA should issue in his written objections, if any, to this
5  Report and Recommendation.

## OBJECTIONS AND APPEAL

7       This Report and Recommendation is not an appealable order. Therefore a notice of
8  appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
9  assigned District Judge enters a judgment in the case.

10      Objections, however, may be filed and served upon all parties no later than **January 6,**
11 **2021.** The Clerk should note the matter for **January 8, 2021**, as ready for the District Judge's
12 consideration if no objection is filed. If objections are filed, any response is due within 14 days
13 after being served with the objections. A party filing an objection must note the matter for the
14 Court's consideration 14 days from the date the objection is filed and served. The matter will
15 then be ready for the Court's consideration on the date the response is due. Objections and
16 responses shall not exceed **twelve (12) pages**. The failure to timely object may affect the right to
17 appeal.

18      DATED this 9th day of December, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 8